UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    MICHAEL CHRISTENSEN,          Bankruptcy Case No. 09-20299-PRW
                                                     Chapter 7

                Debtor.

**DECISION AND ORDER
DENYING DEBTOR'S MOTION TO REOPEN**

PAUL R. WARREN, United States Bankruptcy Judge

      Nearly six years after his discharge was revoked[1] and over four years after his case closed, Michael Christensen ("Debtor") has moved to reopen his Chapter 7 case, under 11 U.S.C. § 350(b) (ECF BK No. 55). It is the Debtor's stated intention, if this motion is granted, to then move to vacate this Court's Order revoking his discharge and to also move under § 522(f) of the Code to remove a judgment lien from unidentified real property ("Property") (*Id.*). The default judgment—entered against the Debtor in an adversary proceeding brought by the Chapter 7 Trustee ("Trustee"), occasioned by the Debtor's repeated failure to turn over Estate assets— awarded the Trustee a money judgment in the total amount of $5,763.65 and revoked the Debtor's discharge unconditionally under 11 U.S.C. § 727(d)(3) (ECF AP No. 7).[2] The Debtor

---

[1]     "Pause you who read this, and think for a moment of the long chain of iron or gold, of thorns or flowers, that would never have bound you, but for the formation of the first link on one memorable day." Charles Dickens, *Great Expectations*, pg. 94 (Estes & Lauriat 1881).

[2]     References to the docket for the adversary proceeding, Case No. 09-2100-JCN, are identified as "ECF AP" and references to the docket in the main bankruptcy case are identified as "ECF BK."

claims that cause exists to reopen under 11 U.S.C. § 350(b) because the Debtor has paid off the money judgment, entitling him to relief from this Court's order under Rule 60(b)(5) FRCP and Rule 9024 FRBP (ECF BK No. 55 ¶ 3).[3] As for the proposed motion to avoid a judgment lien under 11 U.S.C. § 522(f), the Debtor presumably[4] will claim that the judgment lien impaired his homestead exemption as of the date of filing, six years ago (*Id.* ¶ 2).

Because the punitive portion of the Court's order and judgment—revoking the Debtor's discharge without condition—can never be "satisfied" by payment of the money judgment, the Debtor's motion to reopen, to then move to vacate the order revoking discharge, is **DENIED**, under 11 U.S.C. § 350(b). The Debtor's motion to reopen, to then file a motion to avoid a judgment lien, is also **DENIED**, under 11 U.S.C. § 350(b). The Debtor has not carried—or even mentioned—his burden to demonstrate that he would likely prevail on his proposed motion, in failing to show the value of the Property as of the date of filing, that the judgment is a judicial lien that impairs his homestead exemption, that no harm would be worked on the judgment

---

[3] The motion is either careless (or deliberate) in its devil-may-care recitation of the facts and the legal basis for relief—perhaps in an effort to avoid scrutiny by the Court. Even though the motion is not opposed by the Trustee, the Court takes seriously its obligation to carefully review all requests for relief—despite the absence of opposition.

[4] The Debtor's argument is presumed because the motion to reopen does not include any substantive information to show a likelihood of success on a motion to avoid judgment liens. This Court requires, at a minimum, that the party seeking to reopen a case under § 350(b) of the Code for the purpose of filing—for example—a § 522(f) motion, provide a § 522(f) cover sheet, evidence of value as of the date of filing, proof of a judicial lien on the Debtor's interest in the property, and proof that the judicial lien impairs the Debtor's claimed exemption. In any motion seeking to reopen to file a motion for substantive relief, counsel must attach the entire "proposed motion" that the Debtor intends to file, along with any relevant documents. Where substantive relief will be sought against a third party if the case is reopened, the Court requires that party and any attorney that appeared for such party to be served with the § 350(b) motion to reopen and the "proposed motion." *In re Gill*, 529 B.R. 31, 34 n.2 (Bankr. W.D.N.Y. 2015)

2

creditor due to the passage of time, and that proper service of the motion was made on parties in interest.

## I.
## JURISDICTION

The Court has jurisdiction of this matter under 28 U.S.C. §§ 157(a), 157(b)(1) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(1). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 FRBP.

## II.
## FACTS

The Debtor filed a case under Chapter 7 on February 10, 2009 (ECF BK No. 1). According to Schedule D, Citifinancial obtained a $15,017.87 judgment against the Debtor on June 29, 2006, based on a deficiency balance due on an automobile loan (ECF BK No. 1, Schedule D). That judgment appears—based solely on the Debtor's statements—to have been recorded, so as to become a lien on his real property. The Statement of Intention indicates that the Debtor intended to file a motion to avoid this judgment lien, under 11 U.S.C. § 522(f), to remove the lien from his Property (ECF BK No. 1, Statement of Intention). During the pendency of his case, the Debtor's attorney sent the Debtor at least two letters—both of which were filed with the Court by his attorney—advising the Debtor that an appraisal of the Property needed to be obtained and that a motion should be filed under 11 U.S.C. § 522(f) to avoid the lien remaining on the Property (ECF BK Nos. 15, 20). The Debtor did nothing. No motion to avoid the judgment lien was ever filed. No appraisal was ever obtained. And time trundled along.

3

The Debtor's lack of cooperation continued. The Debtor ignored the Trustee's informal requests to turn over non-exempt assets, including income tax refunds for the year 2008, bank account balances, and cash at the time of filing—totaling $4,763.65—resulting in a motion to compel by the Trustee (ECF BK No. 19). The Court entered an Order directing the Debtor to turn-over the sum of $4,763.65 (ECF No. 22). When the Debtor did not comply with the Court's turn-over Order, the Trustee commenced an adversary proceeding against the Debtor, seeking a money judgment in the amount of $4,763.65 (plus the Estate's attorney fees and costs) and requesting an order revoking the Debtor's discharge (ECF AP No. 1). The Debtor did not answer the Trustee's complaint or otherwise appear. A default judgment was entered on January 21, 2010 (ECF AP No. 7). The judgment awarded the Trustee a money judgment of $5,763.65 and ordered that the Debtor's discharge be revoked (*Id.*).

On April 8, 2010, the Court entered an Order, excepting from abandonment the money judgment against the Debtor, under 11 U.S.C. § 554(d) (ECF BK No. 29). The money judgment had evidently not been paid at that time. However, the Trustee's Final Report and Application for Compensation, filed in September of 2010, indicates that the Debtor eventually paid $5,827.15 to the Trustee (ECF BK No. 34, Exhibit B). The Debtor's bankruptcy case closed in May of 2011.

Over four years later,[5] the Debtor filed the motion to reopen, under § 350(b) of the Code, proposing to further move to vacate the judgment revoking his discharge and to also move to

---

[5] The Debtor's original motion to reopen was filed on June 30, 2015 (ECF BK No. 47). However, the motion was not heard because the Debtor failed to serve the motion on parties against whom relief would be sought, as required by the Court's decision in *In re Gill*, 529 B.R. 31, 34 n.2 (Bankr. W.D.N.Y. 2015). An amended motion was filed on notice to affected parties on September 10, 2015—although the method of service may not comply with Rule 7004 FRBP (an issue not before the Court) (ECF BK No. 55).

4

avoid Citifinancial's judgment lien against the Property (ECF BK No. 55). The scant five-paragraph motion contains little factual detail and no citation of authority to support the motion, other than a passing mention of Rule 60(b)(5) FRCP, 11 U.S.C. § 350(b), and 11 U.S.C. § 522(f) (*See id.*). Attached to the motion is an affirmation of the Debtor, asserting that he paid "all funds required and satisfied the . . . default judgment" (ECF BK No. 55, Affirmation ¶ 2). Following his payment of the money judgment in 2010, the Debtor states that he did not contact his attorney "until late 2014 or early 2015,[6]" asserting that he "did not think it was necessary; since having met my obligation, there was nothing else required of me" (*Id.* ¶ 3).

At the October 8, 2015 hearing on the motion to reopen, Debtor's counsel appeared. Neither the Trustee or any party in interest responded to the Debtor's motion. The Court reserved ruling on the motion. This written Decision and Order disposes of the motion.

### III.

### CONCLUSIONS OF LAW

A.  **The Debtor Has Failed to Demonstrate "Cause" to Reopen.**

The Bankruptcy Code vests bankruptcy courts with discretion to determine whether to reopen a closed case "to administer assets, *to accord relief to the debtor*, or for other cause." 11 U.S.C. § 350(b) (emphasis added); *see also* Rule 5010 FRBP. In determining whether "cause" exists to reopen a closed case, courts "may consider numerous factors including equitable concerns, and ought to emphasize substance over technical considerations." *In re Wiggins*, No.

---

[6] It is not lost on the Court that Debtor's counsel did not file a motion to reopen the case until some six months after the Debtor claims to have contacted counsel. After counsel's first deficient attempt to bring the motion on June 30, 2015, counsel waited nearly three more months before making an amended motion on September 10, 2015.

12-13341, 2013 Bankr. LEXIS 3587, at *3 (Bankr. S.D.N.Y. Aug. 29, 2013) (quoting *In re Wilson*, 492 B.R. 691, 695 (Bankr. S.D.N.Y. 2013)); *see also In re Emmerling*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997) (discussing cause to reopen for equitable concerns). The factors for the Court to consider include:

(1) the length of time that the case was closed;

(2) whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case;

(3) whether prior litigation in the bankruptcy court determined that a state court would be the appropriate forum;

(4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen;

(5) the extent of the benefit to the debtor by reopening; and

(6) whether it is clear at the outset that no relief would be forthcoming to the debtor by granting the motion to reopen.

*Wilson*, 492 B.R. at 695.

Here, the Court finds that the last factor is determinative—cause to reopen is absent if the Debtor would not be entitled to any relief. *See In re Chalasani*, 92 F.3d 1300, 1307 (2d Cir. 1996) (denying a motion to reopen where the relief sought after reopening would not be granted, therefore rendering the act of reopening meaningless); *see also In re Pennington-Thurman*, 499 B.R. 329, 332 (B.A.P. 8th Cir. 2013) (holding that it is appropriate for the Court to examine the merits of a proposed motion in considering a motion to reopen, and it is not an abuse of discretion to deny the motion to reopen where the proposed motion is lacking in merit); *Wiggins*, 2013 Bankr. LEXIS 3587, at *4. The Court necessarily turns its attention to the merits of the Debtor's proposed motion to vacate the order revoking his discharge under Rule 60(b)(5) FRCP and the proposed motion to avoid judgment liens under 11 U.S.C. § 522(f). *See In re Gill*, 529 B.R. 31, 37 (Bankr. W.D.N.Y. 2015).

6

Case 2-09-20299-JCN    Doc 62    Filed 10/16/15    Entered 10/16/15 17:16:10    Desc Main
Document      Page 6 of 11

B.  **The Punitive Portion of the Order Revoking Discharge Cannot Be "Satisfied" Under Rule 60(b)(5) FRCP.**

The Debtor's proposed motion to vacate the Order revoking his discharge is brought under Rule 60(b)(5) FRCP and Rule 9024 FRBP, which provide that the Court may set aside a final judgment if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been vacated; or applying it prospectively is no longer equitable." The Debtor's motion makes no reference to the specific prong of Rule 60(b)(5) FRCP on which he relies. At oral argument, after the Court invited counsel to specify the theory for relief under Rule 60(b)(5), counsel indicated that the Debtor was relying on the first prong of the Rule—"the judgment has been satisfied, released or discharged." Fed. R. Civ. P. 60(b)(5). When pressed by the Court, it became clear that the Debtor's position is that—even though the Debtor had been so noncompliant in turning over Estate property as to result in the commencement of an adversary proceeding and the entry of a money judgment against him and an Order revoking his discharge—the Debtor had earned the right to "buy back" his discharge. In the Debtor's view, because he eventually paid the money judgment (including the Estate's attorney fees—suggested by the Debtor to be a "bonus" for the Estate), he should now be rewarded with an order of discharge.

Case law discussing the "satisfied, released or discharged" language under Rule 60(b)(5) FRCP is sparse. *See In re Mrozinski*, 489 B.R. 818, 821 (Bankr. N.D. Ind. 2013); *In re Jacobs*, No. 05-19032, 2008 Bankr. LEXIS 3611, at *9 (Bankr. D. Kan. Sept. 22, 2008). "Most of the cases where relief was granted based on satisfaction of the judgment involved monetary judgments or conditional injunctions." *Jacobs,* 2008 Bankr. LEXIS 3611, at *9 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2863

(2d ed. 1995)); *see Mrozinski*, 489 B.R. at 821-22. The use of Rule 60(b)(5) FRCP in such cases flows logically from the fact that a money judgment or conditional injunction can be satisfied by payment of a sum of money or the performance of a condition. *Jacobs,* 2008 Bankr. LEXIS 3611, at *9.

Here, the judgment at issue consisted of two parts (*See* ECF AP No. 7). First, the judgment ordered the Debtor to pay the Trustee a sum of money. Second, the judgment ordered that the Debtor's discharge be revoked—without condition.[7] The second—and relevant—aspect of the judgment, revoking the Debtor's discharge, was punitive in nature—it did not compel the Debtor to perform or refrain from performing some future act. *See Mrozinski*, 489 B.R. at 821-22; *Jacobs,* 2008 Bankr. LEXIS 3611, at *9-11. Accordingly, the revocation of the Debtor's discharge in this case can never be "satisfied" by the Debtor within the meaning of Rule 60(b)(5) FRCP. *See Jacobs,* 2008 Bankr. LEXIS 3611, at *9-10 ("The judgment revoking this debtor's discharge was unconditional. As a practical matter, a judgment revoking a debtor's discharge can never be satisfied. Therefore, the first clause of Rule 60(b)(5) is of no avail here.").

The Court finds that the Debtor's attempt to use Rule 60(b)(5) FRCP—to buy back his discharge—unpalatable and dangerous for the reasons best articulated by the court in *Mrozinski*:

> The rules which require a debtor to surrender property to the trustee and to cooperate with the trustee contemplate a certain degree of willingness. Fulfilling those obligations should not be like pulling teeth and a trustee should not be required to hound the debtor into doing so. Yet, to grant the debtor's motion would encourage just that sort of reluctant behavior. It would encourage debtors to, in effect, play chicken when it comes to responding to the trustee's demands and to adopt a pattern of obdurate behavior which would test the trustee's seriousness in making them. To grant the debtor's motion because he has now done something he should have done months ago would encourage others to

---

[7] While not cited by the Court in its Order revoking discharge, it is fair to conclude that the revocation of discharge was ordered under 11 U.S.C. § 727(d)(3).

> ignore the trustee's letters or informal requests, motions seeking turnover, the orders granting them, and adversary proceedings based upon those orders without much danger of jeopardy. After things had been pushed to the limit and the discharge denied or revoked, a debtor would need to do little more than come forward with belated compliance in the hopes that what had been denied would be restored. Such a ruling would undermine the deterrent effect § 727 is supposed to have and do nothing to improve the efficiency of the administration of bankruptcy estates.

*Mrozinski*, 489 B.R. at 822-23 (citations omitted).

Because it is clear at the outset that this Court would not accord the Debtor relief by vacating the Order revoking his discharge under Rule 60(b)(5) FRCP, the Court finds that the Debtor has not demonstrated cause necessary to reopen under 11 U.S.C. § 350(b). *See In re Gill*, 529 B.R. 31, 42 (Bankr. W.D.N.Y. 2015).

### C. The Debtor Offers No Proof to Support the Proposed Motion to Avoid Judgment Liens.

Without offering even a single fact tending to show the value of the Debtor's Property as of the date of filing, the liens encumbering the Property, and that a judicial lien impaired his claimed homestead exemption, the Debtor seeks to reopen the case to avoid a nine-year-old judgment lien, which he contends impaired his homestead exemption (ECF BK No. 55). In deciding whether relief is warranted under 11 U.S.C. § 522(f), "an initial determination must be made of the fair market value of the property for which an exemption is claimed at the time that the petition was filed." *In re Bradley*, 369 B.R. 147, 152 (Bankr. S.D.N.Y. 2007) (internal quotation marks omitted). The Debtor carries the burden to establish value on the date of filing. *Id.*; *In re Kelly*, 311 B.R. 341, 344 (Bankr. W.D.N.Y. 2004) (Bucki, J.).

Here, the Debtor did not even mention the value of the Property, supported by an appraisal or other proof of value, nor did the Debtor provide any proof as to prior liens and

9

Case 2-09-20299-JCN    Doc 62    Filed 10/16/15    Entered 10/16/15 17:16:10    Desc Main
Document      Page 9 of 11

encumbrances. The Debtor wholly failed to demonstrate cause under 11 U.S.C. § 350(b) to support reopening the case for the purpose of allowing the Debtor to bring a motion under 11 U.S.C. § 522(f). *See Bradley*, 369 B.R. at 152. Additionally, the Court notes that the Debtor—who was aware of the lien on the Property as demonstrated by his Statement of Intention—has inexplicably delayed in bringing the § 522(f) motion for over five years (*See* ECF BK No. 1, Statement of Intention). The Debtor's attorney sent notice of the need to file the motion to avoid liens on at least two occasions, and the Debtor failed to respond (ECF BK Nos. 15, 20). Although the Court need not find the doctrine of laches applicable in this case, the Debtor's delay in bringing the motion gives the Court considerable pause. *See Bradley*, 369 B.R. at 154 (holding that avoiding the lien in a case that had been closed for nearly six years would result in prejudice to the creditor under the doctrine of laches); *Kelly*, 311 B.R. at 344 (noting that "in appropriate circumstances, delay may be so prejudicial as to warrant a denial of relief"). Because the Debtor failed to carry his burden to prove "cause" to reopen under 11 U.S.C. § 350(b)—by showing a likelihood of success on the merits of a motion under 11 U.S.C. § 522(f)—the Debtor's motion to reopen to file a lien avoidance motion is **DENIED**, under 11 U.S.C. § 350(b). *See In re Gill*, 529 B.R. 31, 42 (Bankr. W.D.N.Y. 2015).

## IV.

## CONCLUSION

Because the punitive portion of the Court's Order—revoking the Debtor's discharge without condition—cannot be satisfied by payment of the money judgment component, the Debtor's motion to reopen to vacate the judgment revoking discharge is **DENIED**, under Rule 60(b)(5) FRCP, Rule 9024 FRBP, and 11 U.S.C. § 350(b). The Debtor's motion to reopen to file a § 522(f) motion to avoid judgment liens is also **DENIED**, under 11 U.S.C. § 350(b), because the Debtor has not met his burden to show that he would likely prevail on the proposed motion.

IT IS SO ORDERED.

DATED: October 16, 2015 _____/s/_____
      Rochester, New York         HON. PAUL R. WARREN
                                       United States Bankruptcy Judge